HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GRAHAM NORTHCOTT,

    Plaintiff,

  v.

THURSTON COUNTY, a municipality, GREG ELWIN, an individual, and KEN CLARK, an individual,

    Defendant.

CASE NO. 13-5874 RBL

ORDER GRANTING MOTION TO DISMISS

[Dkt. #14]

## I.    Introduction

THIS MATTER is before the Court on Defendant Thurston County's motion to dismiss for failure to state a claim [Dkt. #14]. Plaintiff Graham Northcott was formerly employed by the City of Yelm. He was terminated after Yelm received a report from Thurston County that its polygraph test of a prospective employee, "TW," revealed that Northcott and TW had engaged in an affair while they both worked for Yelm.

Northcott sued Thurston County, alleging that the disclosure violated the Employee Polygraph Protection Act (EPPA). Thurston County claims that because it is a governmental

entity, the EPPA does not apply to it and its disclosures are not actionable under the statute. Thurston County seeks dismissal for failure to state a claim under Rule a 12(b)(6).

Third parties do not have standing to sue under the EPPA, and Thurston County is exempt for that Act in any event. The motion to dismiss is GRANTED and the case is DISMISSED with prejudice.

## II.     Background

Graham Northcott worked as a correctional officer for the city of Yelm. A woman (identified only as "TW") was also employed there. Northcott and TW had a brief inappropriate workplace relationship. After it ended, TW sought employment with Thurston County. TW voluntarily submitted to a polygraph examination as a part of Thurston County's hiring process. TW was asked about sexual activity in the workplace and she voluntarily disclosed that she had had a sexual relationship with Northcott while she worked at Yelm. The examiner canceled the remainder of the examination and advised TW to report the inappropriate relationship to Yelm. The examiner told her that if she did not, Thurston County authorities would. TW refused and on March 9, 2012, Greg Elwin and Ken Clark, Thurston County employees, informed Yelm about the relationship. Yelm investigated the claim and terminated Northcott's employment. Northcott has never been an employee of Thurston County.

Northcott sued Thurston County and the employees who disclosed the information to Yelm. He claims that they violated the EPPA's prohibitions on the disclosure of information obtained by polygraph tests. Thurston County argues that, as a governmental employer, it is flatly exempt from all provisions of the EPPA, and that Northcott's claims against it fail as a matter of law.

Northcott argues that the EPPA's governmental employer exemption should not be read so broadly.  Northcott argues there are limits to the governmental employer exemption of the EPPA.  He claims that if the EPPA applies as Thurston County claims an employer could use the results any way they chose, including giving that information to separate agency and having that person terminated. Northcott also argues that Thurston County was not acting as an "employer" but rather as an "examiner" in disclosing the information, and that the EPPA does not protect it in that event.  Thurston County argues that it is not subject to the prohibitions of the EPPA and is therefore free to share the information as it did without liability to Northcott.

### III.   Discussion

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  This requires a plaintiff to plead "more

1 than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949

2 (citing *Twombly*).

3     Here, the Complaint fails to state a cognizable legal theory, and Northcott's claims fail as

4 a matter of law.

**A. Third parties have no standing to sue under the EPPA**

6     This Court first must decide whether third parties even have standing to sue under the

7 EPPA. The EPPA was created to protect employees from unwelcome invasions by the unreliable

8 technology of lie detector tests.  The purpose of the EPPA is to "eliminate the denial of

9 employment opportunities by prohibiting the least accurate yet more widely used lie-detector

10 tests, pre-employment and random examinations," and to "provide standards for and safeguards

11 from abuse during tests [which are] not prohibited." 1988 U.S.C.C.A.N. 726, 726, S. REP. 100-

12 284, 39. The EPPA limits an employer's use of polygraph tests on employees (or potential

13 employees). It specifically prohibits employers from using the results of a polygraph test to

14 threaten to discipline an employee:

15     It shall be unlawful for any employer
      . . .
16       **(3)** to discharge, discipline, discriminate against in any manner, or deny
    employment or promotion to, or threaten to take any such action against—
17       . . .
      **(B)** any employee or prospective employee on the basis of the results of
18     any lie detector test.

19 29 U.S.C. §2002.

20     Employers can only disclose the results of a polygraph examination to the examinee or to

21 a governmental agency in instances of criminal conduct:

22     An employer (other than an employer described in subsection (a),(b), or (c) of section
    2006 of this title) for whom a polygraph test is conducted may disclose information from
23     the test only to—
      (1) A person in accordance with subsection (b) of this section; or
24

(2) A governmental agency, but only insofar as the disclosed information is an admission of criminal conduct."

29 U.S.C. §2008(c).

Under the EPPA, employers are liable to their own employees, and to prospective employees for violations of these provisions, but it does not address liability to third parties damaged by the improper use of polygraph tests. 29 U.S.C. § 2005(c). The EPPA provides a private right of action for employees or prospective employees affected by a violation. *Id*. An aggrieved plaintiff can obtain employment, reinstatement, promotion, or payment of lost wages and benefits. "Such employer shall be liable for such legal or equitable relief as may be appropriate, including, but not limited to, employment, reinstatement, promotion, and the payment of lost wages and benefits." *Id*. The Department of Labor also has interpreted the EPPA as applying in situations where there is or was an employer-employee relationship:

> The Department therefore concludes that Congress intended "employee" in EPPA to include a former employee so long as the discrimination covered by the Act is related to or derived from the employment relationship. Accordingly, Section 801.8 of the final regulations explains that the term "employer" as used in the Act includes a former employer.

Application of the Employee Polygraph Protection Act of 1988, 56 FR 9046-01. Additionally, the EPPA defines employer as those acting in the interests of an employer with respect to the employee. "The term 'employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee or prospective employee". 29 U.S.C. § 2001(2).

The issue in this case is whether a *non-employee* third party damaged by the disclosure of an employees' polygraph examination can similarly sue an agency for that disclosure under the EPPA. Northcott's point— about the breadth of the governmental exemption— is compelling and the potential for abuse is clear. However, the EPPA only provides relief to employees or

potential employees who suffer harm as a result of a polygraph examination. Because Northcott never has been a Thurston County employee no relief is available to him through the EPPA.

All of the EPPA's restrictions and prohibitions apply to an employers' use of polygraph results against an employee (or prospective employee). Actionable violations of the EPPA must take place within an employment relationship; nothing in the EPPA suggests that it protects third parties from the abusive use or disclosure of information obtained through an employee's polygraph examination.

The EPPA defines "employer"—the entity subject to regulation—only in terms of its conduct toward its employee. Thurston County was not acting as an employer in relation to an employee or prospective employee when it shared the information with Yelm. Thurston County was acting—perhaps officiously intermeddling—on behalf of Yelm, with respect to *Yelm's* employee, Northcott. Yelm, and not Thurston County, fired Northcott. Nor did Thurston County attempt a polygraph examination of Northcott. Thurston County and Northcott were never in any kind of employment relationship, at all.

Nothing in the EPPA[1] or any case interpreting supports the claim that it was designed to protect third parties from the use and abuse of polygraph tests. It was instead designed to protect employees from their employers' misuse of these examinations. Northcott does not and cannot plausibly state a claim for damages under the EPPA. Thurston County's Motion to Dismiss this claim is GRANTED.

---

[1] This is not to say that there are not other protections and claims available to one who is damaged by the kind of disclosure that occurred here. It seems reasonable to this Court that a claim for tortuous interference could survive at least a motion to dismiss.

## B. Governmental Employers are exempt under the EPPA

Furthermore, and in any event, Thurston County is exempt from the EPPA. Governmental employers are exempt from the EPPA's prohibitions, and from the consequences of violating them:

> (a) No application to governmental employers
> This chapter shall not apply with respect to the United States Government, any State or local government, or any political subdivision of a State or local government.

29 U.S.C. §2006(a).

Northcott claims that the exemption does not allow government employers to harm third parties by disclosing employee polygraph results. Thurston County argues that it is flatly exempt from all provisions of the EPPA.

The exemption is reiterated in the provisions regarding limits on disclosure. "An employer (other than an employer described in subsection (a), (b), or (c) of section 2006 of this title) for whom a polygraph test is conducted may disclose information from the test …" 29 U.S.C. § 2008(c). But Regulations promulgated under the EPPA suggest that the exemption is not without limits:

> This exclusion from the Act applies only to the Federal, State, and local government entity with respect to its own public employees.

29 C.F.R. § 801.10(d).

> Specifically, the exemption does not extend to dealings with private contractors or the employees of a private employer with whom the agency has a business or contractual relationship.

> Except as provided in sections 7(b) and (c) of the Act, and §801.11 of the regulations, this exclusion does not extend to contractors or nongovernmental agents of a government entity, nor does it extend to the government entities with respect to employees of a private employer with which the government entity has a contractual or other business relationship.

*Id.*

Northcott does not dispute that government employers are generally exempt from the EPPA, but he asserts that neither the EPPA nor the exemption allows an employer to willfully misuse polygraph information to damage a non-employee as Thurston County did here. Northcott argues that Thurston County's interpretation of the EPPA would allow a city to conduct a polygraph examination of its mayor and disclose those results to the local newspaper. Thurston County does not address this argument, or otherwise defend its conduct. It simply repeats its claim that the EPPA does not prohibit it from doing anything and is therefore not liable for the disclosure to Yelm.

Thurston County is a governmental employer under the EPPA and therefore exempt. However, if there is no relief for third parties under the EPPA, even a private employer would not be liable to Northcott for the disclosures at issue in this case. Therefore, Thurston County is not liable for the disclosures regardless of whether it is a governmental employer and covered by the exemption. Its Motion to Dismiss on this basis is GRANTED.

### C. Thurston County is not an "examiner" under the EPPA

Northcott's final argument is that Thurston County is liable under the EPPA because it was acting as an "examiner" under the EPPA, and not a [Governmental] "employer."

The EPPA imposes limits on what the actual polygraph "examiner" may do with the information he learns from the polygraph examination. 29 U.S.C. §2008(b). An "examiner" can only share the results of a polygraph examination with the examinee or someone designated by the examinee; the employer who requested the test, or any court, governmental agency, arbitrator or mediator, in accordance with law. *Id*. The EPPA also requires examiners to be licensed and bonded. 29 U.S.C.A. § 2007(c)(1).

An EPPA polygraph "examiner" is the person physically administering the examination. Thurston County was not TW's polygraph "examiner." The EPPA's plain language is not nearly broad enough to support Northcott's interpretation. If the Court were to accept the proposition that an otherwise exempt governmental employer was nevertheless liable as an "examiner," the governmental employer exemption would be without effect.

Thurston County was not and is not an EPPA "examiner" and Northcott's claim is not plausible. Thurston County's Motion to Dismiss that claim is GRANTED and Northcott's "examiner" claim is DISMISSED WITH PREJUDICE.

### IV.     Conclusion

Northcott's EPPA claim against Thurston County fails as a matter of law because third parties have no standing to sue for wrongful disclosure or other misuse of polygraph test results under the EPPA, and Thurston County is exempt from the EPPA in any event. Thurston County's Motion to Dismiss is GRANTED, and Plaintiff's EPPA claim against it is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 28th day of February, 2014.

   RONALD B. LEIGHTON
   UNITED STATES DISTRICT JUDGE